**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DUSTIN DOVE,<br>1965B Commonwealth Avenue<br>Boston, MA 02135<br><br>*Plaintiff*<br><br>v.<br><br>EDUCAP, INC.,<br>45610 Woodland Road<br>Suite 370<br>Sterling, VA 20166-4220<br><br>WEINSTOCK, FRIEDMAN & FRIEDMAN<br>4 Reservoir Circle<br>2nd Floor<br>Baltimore, MD 21208<br><br>*Defendants* | Civil Action No. 1:15-cv-2274 |

## COMPLAINT

Dustin Dove ("Dove") files his complaint against EduCap, Inc. ("EduCap") and Weinstock, Friedman & Friedman ("Weinstock") (collectively "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*, District of Columbia Code § 28-3814 *et seq.*, the District of Columbia Consumer Protection Procedures Act, and abuse of process.

### I.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 in that the FDCPA claims involve a federal question.

2. This Court also has jurisdiction under 28 U.S.C. § 1332(a) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) in that all acts and/or omissions giving rise to Dove's claims against the Defendants occurred in this jurisdiction.

## II.

## PARTIES

4. Dove is a sui juris adult resident of Boston, Massachusetts.

5. Dove is a consumer as defined by 15 U.S.C. § 1692a(3) in that the private student loan at issue was incurred for personal, family or household purposes to attend Pennsylvania State University.

6. EduCap is, and at times mentioned herein was, a Maryland non-profit corporation with a principal place of business at 45610 Woodland Road, Suite 370, Sterling, VA 20166-4220.

7. EduCap is, and at all times mentioned herein was, a merchant as defined by D.C. Code § 28-3901(a)(3) in that they are engaged in the business of providing, directly or indirectly, consumer credit, goods and/or services.

8. EduCap is, and at all times mentioned herein was, a creditor as defined by D.C. Code § 28-3814(b)(1A) in that they filed a claim against Dove.

9. Weinstock is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they are primarily engaged in the business of collecting defaulted debts alleged to be owed to another.

10. Weinstock is, and at all times mentioned herein was, a debt collector as defined by D.C. Code § 28-3814(b)(3) in that they are directly engaged in the business of collecting defaulted debts alleged to be owed to another.

### III.

### FACTUAL ALLEGATIONS

11. Weinstock, acting on behalf of EduCap, filed a debt collection lawsuit against Dove in the District of Columbia Superior Court.

12. The note disclosure statement attached to Weinstock's **verified** complaint shows that on August 21, 2007 a loan in the amount of $25,573 was disbursed to Dove. Monthly payments in the amount of $399.87 were due beginning January 6, 2011.

13. According to EduCap, no payments were made by Dove until July 2, 2015 when a $50 payment—not the monthly payment amount—was remitted by telephone.

14. According to EduCap, a second payment was made by Dove on October 16, 2015 when a $10 payment—not the monthly payment amount—was remitted by telephone.

15. According to EduCap, there was "no formal agreement" between the parties.

16. No signed writings acknowledging or promising to pay the debt were made by Dove between January 6, 2011 and July 2, 2015.

17. Defendants did not file their action against Dove until October 9, 2015.

18. Defendants have a long, well documented history of filing complaints against unwitting District of Columbia consumers after the statute of limitations has expired.

19. In *EduCap v Rogers*,[1] the note disclosure statement attached to Defendants' verified complaint shows that on August 10, 2006 a loan in the amount of $6,500 was disbursed

---

[1] District of Columbia Superior Court Case No. 2010 CA 006037 C

to Rogers. Monthly payments in the amount of $55.98 were due beginning September 7, 2006. According to EduCap, no payments were made on the account. But Defendants did not file suit until August 11, 2010—eleven months after the three-year statute of limitations expired on September 7, 2010. Defendants requested and received a default judgment against Rogers.

20. In *EduCap v Thompson*,[2] the note disclosure statement attached to Defendants' verified complaint shows that on September 28, 2006 a loan was disbursed to Thompson. Monthly payments in the amount of $44.41 were due beginning October 26, 2006. According to EduCap, no payments were made by Thompson until November 16, 2009 (one month after the three-year statute of limitations had expired). But Defendants did not file suit until October 20, 2010—one year after the three-year statute of limitations expired on October 26, 2009. Defendants requested and received a judgment against Thompson and thereafter issued multiple writs of attachment against Thompson's personal property.

21. In *EduCap v Epps*,[3] the note disclosure statement attached to Defendants' verified complaint shows that on January 27, 2006 a loan in the amount of $15,416 was disbursed to Epps. Monthly payments in the amount of $194.63 were due beginning February 27, 2006. According to EduCap, payments were made by Epps from April 13, 2007 through September 5, 2007. But Defendants did not file suit until July 5, 2011—ten months after the three-year statute of limitations expired on September 5, 2010.

22. Similarly, in *EduCap v Epps*,[4] the note disclosure statement attached to Defendants' verified complaint shows that on January 27, 2006 a loan in the amount of $15,416

---

[2] District of Columbia Superior Court Case No. 2010 CA 007925 C

[3] District of Columbia Superior Court Case No. 2011 CA 005275 C

[4] District of Columbia Superior Court Case No. 2012 CA 006910 C

was disbursed to Epps. Monthly payments in the amount of $194.63 were due beginning February 27, 2006. According to EduCap, payments were made by Epps from April 13, 2007 through September 5, 2007. But Defendants did not file suit until August 23, 2012—nearly two years after the three-year statute of limitations expired on September 5, 2010. Defendants requested and received a default judgment against Epps on November 27, 2013.

23. In *EduCap v Smith*,[5] the note disclosure statement attached to Defendants' verified complaint shows that on March 27, 2007 a loan in the amount of $6,000 was disbursed to Smith. Monthly payments in the amount of $62.86 were due beginning April 22, 2007. According to EduCap, payments were made by Smith from May 21, 2007 through June 22, 2007. But Defendants did not file suit until July 27, 2011—over a year after the three-year statute of limitations expired on June 22, 2010. Defendants requested and received a default judgment against Smith in the amount of $6,405.54.

24. In *EduCap v Brown*,[6] the note disclosure statement attached to Defendants' verified complaint shows that on August 4, 2006 a loan in the amount of $9,000 was disbursed to Brown. Monthly payments in the amount of $90.28 were due beginning September 2, 2006. According to EduCap, payments were made by Brown from November 3, 2010 through April 3, 2011 (over a year after the three-year statute of limitations had expired). But Defendants did not file suit until April 20, 2012—two years and seven months after the three-year statute of limitations expired on September 2, 2009. Defendants requested and received judgment against Brown on February 4, 2014.

---

[5] District of Columbia Superior Court Case No. 2011 CA 006073 C

[6] District of Columbia Superior Court Case No. 2012 CA 003544 C

25. In *EduCap v Gebreyessus*,[7] the note disclosure statement attached to Defendants' verified complaint shows that on August 29, 2006 a loan in the amount of $23,254 was disbursed to Gebreyessus. Monthly payments in the amount of $268.93 were due beginning September 24, 2006. According to EduCap, payments were made by Gebreyessus from May 21, 2008 through November 19, 2008. But Defendants did not file suit until July 26, 2012—eight months after the three-year statute of limitations expired on November 19, 2011. Defendants requested and received a judgment against Gebreyessus and thereafter issued multiple writs of attachment against Gebreyessus's personal property.

26. In *EduCap v Jones*,[8] the note disclosure statement attached to Defendants' verified complaint shows that on August 10, 2006 a loan in the amount of $21,692 was disbursed to Jones. Monthly payments in the amount of $371.01 were due beginning September 9, 2006. According to EduCap, payments were made by Gebreyessus from November 7, 2008 through February 6, 2009. But Defendants did not file suit until December 18, 2012—ten months after the three-year statute of limitations expired on February 6, 2012. Defendants requested and received a judgment against Jones on December 2, 2013.

27. In *EduCap v Evans*,[9] the first truth in lending statement attached to Defendants' verified complaint shows that on July 25, 2006 a loan in the amount of $4,000 was disbursed to Evans (Account No. 0202). Monthly payments in the amount of $44.10 were due beginning August 23, 2006. The second truth in lending statement attached to Defendants' complaint shows

---

[7] District of Columbia Superior Court Case No. 2012 CA 006029 C

[8] District of Columbia Superior Court Case No. 2012 CA 009412 C

[9] District of Columbia Superior Court Case No. 2012 CA 0007156

that on August 9, 2006, a loan in the amount of $2,000 was disbursed to Evans (Account No. 2462). Monthly payments in the amount of $22.05 were due beginning September 7, 2006.

28.     For Account No. 0202, Evans's first payment of $44.00 was made on September 18, 2006. Her second and final payment of $46.00 was made on February 1, 2008. For Account No. 2462, Evans's first payment of $25.00 was made on September 13, 2006. EduCap thereafter made unauthorized electronic withdrawals from Evans's bank account from February 3, 2012 through September 6, 2012.

29.     But Defendants did not file suit until August 31, 2012—one year and six months after the three-year statute of limitations expired on February 1, 2011 for Account No. 0202, and three years after the three-year statute of limitations expired on September 13, 2009 for Account No. 2462.

30.      Defendants' actions are intentional, willful, malicious and in open defiance of state and federal consumer protection statutes.

31.     Dove has sustained actual damages, including attorney's fees and costs, defending the underlying action as a direct result of Defendants' unlawful conduct.

IV.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

## (AS TO WEINSTOCK)

32. Dove repeats, re-alleges and incorporates by reference paragraphs 1-31, inclusive, above, as if fully set forth herein.

33. Weinstock violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is designed to annoy, harass, oppress, or abuse Dove by filing suit after the three-year statute of limitations had expired.

34. Weinstock violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that it filed suit against Dove after the three-year statute of limitations had expired.

35. Weinstock violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that it filed suit against Dove after the three-year statute of limitations had expired.

36. Weinstock violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that it filed suit against Dove after the three-year statute of limitations had expired.

37. Weinstock violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable conduct in connection with attempting to collect a consumer debt in that the amounts demanded from Dove were barred by the three-year statute of limitations.

38. Weinstock's actions would be deceptive, misleading, abusive, and/or unfair to the least sophisticated consumer.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.

## (AS TO EDUCAP AND WEINSTOCK)

39. Dove repeats, re-alleges and incorporates by reference paragraphs 1-38, inclusive, above, as if fully set forth herein.

40. Defendants violated § 28-3814(c)(3) by attempting coerce payment for the alleged student loan debt by filing suit against Dove after the three-year statute of limitations had expired.

41. Defendants violated D.C. Code § 28-3814(f)(5) by falsely representing the character, extent or amount of the alleged debt by filing suit against Dove after the three-year statute of limitations had expired.

42. Defendants violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the alleged debt by filing suit against Dove after the three-year statute of limitations had expired.

43. Defendants are liable to Dove for compensatory damages under D.C. Code § 28-3814(j)(1) for their willful violations of law.

44. Defendants are liable to Dove for punitive damages under D.C. Code § 28-3814(j)(2) for their willful violations of law.

# THIRD CLAIM FOR RELIEF

## VIOLATIONS OF THE CONSUMER PROTECTION PROCEDURES ACT

## DISTRICT OF COLUMBIA CODE § 28-3904 ET SEQ.

### (AS TO EDUCAP)

45. Dove repeats, re-alleges and incorporates by reference paragraphs 1-44, inclusive, above, as if fully set forth herein.

46. EduCap violated D.C. Code § 28-3904(e) by misrepresenting a material fact that has a tendency to mislead by filing a lawsuit against Dove after the three-year statute of limitations had expired.

47. EduCap violated D.C. Code § 28-3904(f) by failing to state a material fact that has a tendency to mislead by filing a lawsuit against Dove after the three-year statute of limitations had expired.

48. But for EduCap's unlawful conduct, Dove would not have retained counsel to defend EduCap's unfair and despicable lawsuit.

49. EduCap is subject to liability for $1,500 per violation under D.C. Code § 28-3905(k)(2)(A).

50. EduCap is subject to liability for Dove's attorney's fees under D.C. Code § 28-3905(k)(2)(B).

51. EduCap is subject to liability for punitive damages under D.C. Code § 28-3905(k)(2)(C).

## FOURTH CLAIM FOR RELIEF

## ABUSE OF PROCESS

## (AS TO EDUCAP AND WEINSTOCK)

52. Dove repeats, re-alleges and incorporates by reference paragraphs 1-51 inclusive, above, as if fully set forth herein.

53. Defendants misused the legal process by filing suit against Dove to collect a debt barred by the three-year statute of limitations.

54. The requisite element of malice or ulterior motive should be inferred from Defendants' willful abuse of process.

55. To the extent such inference fails, malice specifically exists in that Defendants acted with a conscious disregard for the rights of Dove in that their ulterior purpose in misusing legal process was: (1) for EduCap to recover the private student loan debt, (2) for Weinstock to earn a contingency fee for recovering the debt, and (3) for Weinstock to obtain an award of attorney's fees and costs of suit in spite of the statute of limitations.

56. Defendants were a substantial factor in causing Dove's damages, and the depravity of Defendants' conduct fulfills the requirements for an award of exemplary damages.

57. Defendants have a routine business practice of filing suits that are barred by the statute of limitations, further evidencing the need for an award of substantial punitive damages.

## PRAYER FOR RELIEF

Dove respectfully prays that judgment be entered against Defendants for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive damages;

D. Costs of suit and reasonable attorney's fees; and

E. For such other and further relief as the court may deem proper.

## JURY DEMAND

Dove demands trial by jury.

DATED:  December 31, 2015					Respectfully submitted,


							 /s/    Dean Gregory
							Dean Gregory (Bar No. 1008846)
							**LAW OFFICES OF DEAN GREGORY**
							1717 K Street NW
							Suite 900
							Washington, D.C. 20006
							Telephone: (202) 905-8058
							Facsimile: (202) 776-0136
							E-mail: dean@deangregory.com

							*ATTORNEY FOR PLAINTIFF*