UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUSTIN DOVE,
    Plaintiff
    v.
EDUCAP, INC., *et al.*,
    Defendants

Civil Action No. 15-2274 (CKK)

MEMORANDUM OPINION
(July 20, 2016)

    This case stems from an action to collect on a debt that was filed in the District of Columbia Superior Court by EduCap, Inc., who was represented in that action by Weinstock, Friedman & Freidman, P.A. ("Weinstock"), against Dustin Dove. That case was subsequently dismissed with prejudice. Plaintiff Dustin Dove, the debtor in the Superior Court action—which the parties refer to as the collection case—brings four claims against Defendants EduCap and Weinstock, essentially claiming that it was unlawful to bring the Superior Court collection case. Specifically, Plaintiff asserts claims under the federal Fair Debt Collection Practices Act; the District of Columbia Debt Collection Law, D.C. Code § 28-14 *et seq.*; the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3904 *et seq.*; and an abuse of process claim under the common law of the District of Columbia.

    Before the Court is Defendants' [16] Motion to Dismiss. Defendants argue that each of the claims in the Complaint fails because the original collection case was timely filed in the Superior Court. Defendants also argue that each of the individual claims in this case is barred as a matter of law for additional independent reasons. Upon consideration of the pleadings,[1] the

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 16;

1

relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendants' [16] Motion to Dismiss. The Court agrees with Defendants that the collection case was timely filed and that, therefore, each of the claims in this case fails as a matter of law. Accordingly, the Court does not reach Defendants' other arguments as to why each of the four claims must be dismissed for one or more independent reasons. The claims in this case are dismissed with prejudice, and this action is dismissed in its entirety.

**I. BACKGROUND**

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). The Court recites only the background necessary for the Court's resolution of the pending Motion to Dismiss.

As noted above, this case stems from the collection case filed in the Superior Court captioned *EduCap, Inc., v Dustin Dove*, Civil Action No. 2015 CA 007783 C. *See* Compl. ¶ 11; Pl.'s Opp'n, Ex. A, EduCap's Opp'n to Def.'s Mot. to Dismiss, at 1.[2] EduCap brought that case on behalf of HSBC Bank, N.A., and was represented by the law firm Weinstock. *See* Pl.'s Opp'n, Ex. B ("Verified Complaint"), ECF No. 17-2, at 5.[3] The Verified Complaint indicates that

---

- Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 17; and
- Defs.' Reply in Support of Defs.' Mot. to Dismiss ("Defs.' Reply"), ECF No. 18.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[2] The Court also takes judicial notice of the Superior Court docket in that case. *See* District of Columbia Courts, Court Cases Online, available at https://www.dccourts.gov/cco/maincase.jsf, last visited July 12, 2016 (docket of 2015 CA 007783).

[3] Although Plaintiff did not attach the Verified Complaint in the collection case to his Complaint in this case, he did attach it to his Opposition to Defendants' Motion to Dismiss. *See* Pl.'s Opp'n,

2

Plaintiff sued "the Defendant for $32,548.16, pre-judgment interest in the amount of $11,281.27, attorney's fees in the amount of $750.00, balance due and owing for student loan by the Plaintiff to the Defendant at the Defendant's request on open account." *Id.*

Plaintiff alleges that the disclosure statement attached to the Verified Complaint in that case shows that on August 21, 2007, a loan in the amount of $25,573 was disbursed to Dove. Compl. ¶ 12. Plaintiff further alleges that monthly payments in the amount of $399.87 were due beginning on January 6, 2011. *Id.* The Truth in Lending Disclosure Statement (Itemization of Amount Financed and Loan Terms), which was attached to the Verified Complaint in the collection case and subsequently attached to Defendant's Motion to Dismiss and Plaintiff's Opposition in this case, appears to be the "note disclosure statement" referenced in Plaintiff's complaint. *See* Verified Compl., ECF No. 17-2, at 26. The Truth in Lending Disclosure Statement shows a loan amount of $25,573, as alleged by Plaintiff, and a payment schedule of 46 monthly payments of $399.87, due beginning on January 6, 2011, followed by 192 monthly payments of $388.86, beginning on January 6, 2015. *Id.* The Truth in Lending Disclosure Statement shows that the lender is HSBC Bank, N.A. *Id.* The statement also refers to the Promissory Note associated with the loan for "any additional information about nonpayment, default, any required payment in full before the scheduled date and prepayment refunds and penalties." *Id.* The Promissory Note includes an acceleration clause, which allows the lender to accelerate payments due on the loan upon non-payment by the borrower. Pl.'s Opp'n, Ex. B, at

---

Ex. B, at 5. The Court may rely on the Verified Complaint in the collection case in resolving the pending Motion to Dismiss because it is a "document[] upon which the plaintiff's complaint necessarily relies." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted). Moreover, as noted above, the Court takes judicial notice of the contents of the Superior Court docket in the collection case.

16 ("Promissory Note"), ¶ 12(a) ("Notwithstanding any other provisions of this Note, I [the borrower] will be in default, and upon giving any notice to me required by the law, you [the lender] will have the right to declare the entire outstanding Loan Amount, accrued interest, and all other amounts payable to you under the terms of this Notice, immediately due and payable in full, if … (a) I fail to pay any schedule payment when due … ."). The Promissory Note also includes a choice of law clause, stating that "[t]his Notice is governed by federal law, and to the extent not preempted by federal law, the law of the State of Delaware." *Id.* ¶ 17(d).

Plaintiff alleges that, according to EduCap, no payments were made by Dove until July 2, 2015, when a $50 payment was remitted by telephone. Compl. ¶ 13. Plaintiff further alleges that, according to EduCap, Dove remitted a second payment in the amount of $10, by telephone, on October 16, 2015. Meanwhile, the docket for the collection case shows that the case was filed in the Superior Court on October 9, 2015. *See* District of Columbia Courts, Cases Online (docket for 2015 CA 007783 C); *see also* Pl.'s Opp'n, Ex. B, at 4 (summons issued on October 9, 2015). Finally, the Superior Court docket shows that, on February 19, 2016, EduCap's motion to dismiss with prejudice was granted; Dove's motion to dismiss was granted; and Dove motion for sanctions was denied as moot; and the case was closed. *See* District of Columbia Courts, Cases Online (docket for 2015 CA 007783 C). As far as the Court can glean from the Superior Court docket and from the parties' pleadings in this case, there was no ruling on the merits in the collection case regarding the statute of limitations or any other substantive matter.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of

4

'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).

### III. DISCUSSION

Defendants argue that each of the claims asserted in the Complaint fails as a matter of law because the collection case in the Superior Court was timely filed. As explained below, the Court agrees that the collection case was timely filed. For that reason alone, all the claims asserted in the Complaint must be dismissed, and the Court need not address Defendants' other arguments in favor of dismissal.

Each of the claims presented by Plaintiff in this case is premised on the assertion that the collection case was filed after the applicable statute of limitations had expired. *See* Compl. ¶¶ 33-37 (Fair Debt Collection Practices Act claim); *id.* ¶¶ 40-42 (D.C. Debt Collection Law claim); *id.* ¶¶ 46-47 (D.C. Consumer Protection Procedures Act claim); *id.* ¶ 53 (D.C. abuse of process claim). Specifically, the claims are premised on the assertion that a three-year statute of limitations is applicable to the collection case and that the collection case was filed outside of the

applicable three-year window. *See id.* Defendants argue that the collection case was timely filed and that, therefore, each claim in this case fails a matter of law. Plaintiff does not contest the premise of Defendants' argument that, *if* the collection case was timely filed, each of their claims fails. *See* Pl.'s Opp'n at 1-3, 9-13. They do, however, contest Defendants' argument that the case was timely filed. The timeliness of the filing of the collection case, therefore, is the primary legal question before the Court. The Court now addresses that question.

Plaintiff argues that the three-year statute of limitations under District of Columbia law was applicable to the collection case because it is the law of the forum in which the collection case was brought. Pl.'s Opp'n at 16. Specifically, Plaintiff emphasizes that, under District of Columbia choice of law principles, the law of the forum governs procedural matters. *See id.* (citing *Huang v. D'Albora*, 644 A.2d 1, 4 (D.C. 1994) ("[T]he laws of the forum ... apply to matters of procedure"). Plaintiff further emphasizes that a statute of limitations is considered procedural. *See id.* (citing *Namerdy v. Generalcar*, 217 A.2d 109, 113 (D.C. 1966)); *see also A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995). While Defendants do not concede that a three-year statute of limitations is applicable, they argue that, even under a three-year statute of limitations, the filing of case was timely.[4] *See* Defs.' Mot. at 6-8; Defs.' Reply at 8. The Court now turns to the dispute between the parties about whether the

---

[4] Pointing to the choice of law provision in the Promissory Note, Defendants also look to Delaware's six-year statute of limitations for actions arising from a promissory note. *See* Promissory Note ¶ 17(d); Del. Code Ann. tit. 10, § 8109. But Defendants do not argue that this six-year statute of limitations was applicable to the collection case as filed in the Superior Court. *See* Defs.' Reply at 8 (clarifying argument). Instead, Defendants argue that, even *if* a three-year statute of limitations is applicable and even *if* the collection case was not filed within that statute of limitations, that the claims in this case fail because the case could have been timely filed in another jurisdiction under Delaware's statute of limitations. Because the Court concludes that the collection case was timely filed under the District of Columbia's three-year statute of limitations, the Court need not consider Defendants' arguments based on Delaware law.

collection case was timely filed under the District of Columbia's three-year statute of limitations. As explained below, the Court agrees with Defendants that the collection case filed on October 9, 2015, was filed within the three-year statute of limitations.

As explained by the District of Columbia Court of Appeals ("D.C. Court of Appeals") in addressing this area of law, "[i]t may be useful to begin with an examination of the operation of the general rule relating to the statute of limitations as applied to installment obligations." *Keefe Co. v. Americable Int'l, Inc.*, 755 A.2d 469, 472 (D.C. 2000). "This rule … has been established in the jurisprudence of the District of Columbia, as in most of the nation, for at least a century." *Id.* The D.C. Court of Appeals then explained that " '[i]t is well settled that where a debt is payable in independent instalments the right of action accrues upon each as it matures, and if the obligee shall fail to commence his action until the statutory bar has intervened in the case of one or more instalments, he can only recover those not barred when his action was commenced.' " *Id.* (quoting *Washington Loan & Trust Co. v. Darling*, 21 App. D.C. 132, 140 (1903)). "The theory is that each installment due is a separate obligation as to which the statute runs separately." *Id.*

Under District of Columbia law, this rule has been applied to a variety of installment obligations, including "past-due monthly payments on promissory note" and several "payments due on unspecified debt." *Id.* at 472 n.5 (citing *William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1191 (D.C. 1980); *Toomey v. Cammack*, 345 A.2d 453, 454 & n.4 (D.C. 1975); *Namerdy*, 217 A.2d at 113)). In *Keefe*, the D.C. Court of Appeals emphasized that "[w]hether an installment obligation exists does not depend on whether it is labeled as such but rather on the nature of the obligation." *Id.* at 474. Based on this analysis, the *Keefe* court concluded that the installment obligation rule applied to circumstances " 'when parties have entered into a contract in which

7

payment is due on the first of each month, *calculated as a percentage of the promisor's revenues from a specific service already rendered by the promissee*.' " *Id.* (quoting *Keefe Co. v. Americable Int'l*, 169 F.3d 34, 40 (D.C. Cir. 1999) (certifying question to D.C. Court of Appeals) (emphasis in original); *see id.* at 474-75 (concluding rule is applicable in these circumstances); *see also Keefe v. Americable Int'l*, 219 F.3d 669, 670 (D.C. Cir. 2000) (reporting response of D.C. Court of Appeals to certified question). The same rule governs installment obligations under Delaware law—the source of law identified in the Promissory Note's choice of law clause. *See Knutkowski v. Cross*, No. CIV.A. 4889-VCG, 2014 WL 5106095, at *3 (Del. Ch. Oct. 13, 2014) (citing *Worrel v. Farmers Bank of State of Delaware*, 430 A.2d 469, 474-76 (Del. 1981)).[5]

To resolve the issues presented in this case, it is also necessary to explain the relationship of the installment obligation rule with the rules pertaining to the use of acceleration clauses.[6] As the *Keefe* court noted, "[o]rdinarily, where an obligee [i.e., a lender] wishes to have the option to require present payment of the entire installment debt in the event of a default on an installment payment, a so-called acceleration clause is included in the contract." *Keefe*, 755 A.2d at 474.

---

[5] This rule is not limited to the District of Columbia or to Delaware. The D.C. Court of Appeals noted that this rule "has been established in the jurisprudence of the District of Columbia, *as in most of the nation*, for at least a century." *Keefe*, 755 A.2d at 472 (emphasis added); *see also Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, 522 U.S. 192, 208 (1997) (describing the rule described here as "the standard rule for installment obligations"); *see also, e.g.*, *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 449 (E.D. Pa. 2015) (Under Pennsylvania law, "[w]here a contract calls for periodic or installment payments, each failure to make payments when due constitutes a separate and distinct cause of action. Consequently, a separate cause of action accrues each time the defendant fails to make timely payment.") (citation omitted); *Peacock v. Equifax, Inc.*, No. 3:13-CV-651-PLR-HBG, 2015 WL 1457996, at *2 (E.D. Tenn. Mar. 30, 2015) ("For periodic installment notes … , Tennessee law is 'well-settled that the cause of action accrues on each installment when it becomes due.' ") (quoting *Consumer Credit Union v. Hite*, 801 S.W.2d 822 (Tenn. Ct. App. 1990)).

[6] An acceleration clause is generally defined as a "loan-agreement provision that requires the debtor to pay off the balance sooner than the due date if some specified event occurs, such as failure to pay an installment or to maintain insurance." Acceleration Clause, Black's Law Dictionary (10th ed. 2014).

8

Other than this explanation by the *Keefe* court, the parties identify no binding authority regarding the impact of acceleration clauses on statutes of limitation under District of Columbia law. But consistent authority across jurisdictions indicates that, when an acceleration clause is included in a contract *and* is exercised, the statute of limitations does not begin to run until the obligee (i.e., the borrower) defaults on the debt *and* the obligor (i.e., the lender) exercises the acceleration option.

Indeed, the Supreme Court has explained the general rule that "[t]he statute of limitations on an accelerated debt runs from the date the creditor exercises its acceleration option, not earlier." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, 522 U.S. 192, 209 n.5 (1997); *see also United States v. Rollinson*, 629 F. Supp. 581, 584 (D.D.C. 1986), *aff'd on other grounds*, 866 F.2d 1463 (D.C. Cir. 1989) (applying acceleration rule under federal law). The same rule is applicable under Delaware law. *See Worrel*, 430 A.3d at 475-76 (" '[T]he statute of limitations began to run with respect to each installment only from the time it became due, unless the seller had the option of declaring the whole sum due and exercised that option, in which case the statute began to run from the date of the exercise of the option.' ") (quoting 67 Am. Jur. 2d., Sales, § 538 at page 724). So, too, this rule is applicable in other jurisdictions. *See, e.g., Greene v. Bursey*, 733 So.2d 1111, 1114-15 (Fla. Dist. Ct. App. 1999) ("Where the installment contract contains an optional acceleration clause, the statute of limitations may commence running earlier on payments not yet due if the holder exercises his right to accelerate the total debt because of a default. In other words, the entire debt does not become due on the mere default of payment; rather, it become[s] due when the creditor takes affirmative action to alert the debtor that he has exercised his option to accelerate."). In sum, the Court concludes that, under District of Columbia law, as under all of the sources of law

canvassed here, the statute of limitations on an action to collect a debt only begins to run, in circumstances when an acceleration clause is included in a contract, once that clause has been exercised.[7]

Applying the law as explained above to the facts in this case leads to a clear result: that the collection case was timely filed. As noted above, Plaintiff was obligated to make 46 monthly payments of $399.87, which were due beginning on January 6, 2011, followed by 192 monthly payments of $388.86, due beginning on January 6, 2015. *See* Verified Compl., exs. at 26. This is plainly an installment obligation subject to the legal principles described above. Plaintiff argues that the installment obligation rule is inapplicable because the Promissory Note did not embody a contract for goods or services. *See* Pl.'s Opp'n at 14-15. But there is no basis for this argument. As discussed above, binding precedent from the D.C. Court of Appeals shows that the installment obligation rule is applicable to agreements to repay a loan or other debt, including "past-due monthly payments on promissory" or to several "payments due on unspecified debt." *See Keefe*, 755 A.2d at 472 (citing cases). Plaintiff highlights the fact that *Keefe* considered circumstances where a promised installment payment was "calculated as a **percentage of the promisor's revenues from a specific service already rendered** by the promissee." Pl.'s Opp'n (quoting *Keefe*, 219 F.3d at 670) (emphasis in Plaintiff's briefing). But that language in no way limits the scope of the installment obligation rule, and there is simply no basis for Plaintiff's suggestion to the contrary. The D.C. Court of Appeals clearly stated that the installment obligation rule applies when a "debt is payable in independent instalments." *Keefe*, 755 A.2d at 472. There is no question that the repayment obligation at issue in this case is "payable in

---

[7] If such a clause is never exercised, the statute of limitations runs separately on each repayment obligation pursuant to the general rule for installment obligations explained above.

independent instalments"—here, 238 monthly installments. Therefore, the installment obligation rule explained above applies in full in this case.

Plaintiff also presents a cursory argument that his "total repudiation" triggered a single right of action, supplanting the series of discrete monthly obligations under the installment obligation rule. Pl.'s Opp'n 15. But there is no basis in law or fact for this argument. Plaintiff never indicates what he claims constitutes the "total repudiation." Certainly, Plaintiff alleges that he made no payments on the loan between the time the first payment was due, on January 6, 2011, and when he submitted a $50 payment on July 2, 2015. However, even Plaintiff's abject failure to satisfy his repayment obligations under the Promissory Note, without any affirmative act on his part to repudiate the contract, does not qualify as a "total repudiation" that would have any effect on the statute of limitations. *See Keefe*, 755 A.2d at 475 ("Where a contract involves future installment obligations, it seems logically to follow that repudiation of the contract in its entirety would require a clear anticipatory breach of all future obligations in addition to any present breach."). Indeed, the case on which Plaintiff relies for his claim of a total repudiation in fact mandates the opposite conclusion. *See Eastbanc, Inc. v. Georgetown Park Associates II, L.P.*, 940 A.2d 996, 1007 n.6 (D.C. 2008) (citing *Keefe*, 755 A.2d at 475). Indeed, *Eastbanc*, as well as the cases that it discusses, describes an *affirmative* act of repudiation coupled with a breach of the contract. *Id.* at 1007-08, 08 n.6. Here, there was no repudiation whatsoever, let alone a repudiation with "force and clarity" that could have any legal effect on the statute of limitations. *Id.* at 1007. Accordingly, Plaintiff's argument that his "total repudiation" triggers a single action rather than installment obligations fails.

Having established that the rules for installment obligations govern the agreement in this case, the Court turns to the effect of the acceleration clause. The acceleration clause in the Promissory Note governing the repayment obligations is as follows:

> Notwithstanding any other provisions of this Note, I [the borrower] will be in default, and upon giving any notice to me required by the law, you [the lender] will have the right to declare the entire outstanding Loan Amount, accrued interest, and all other amounts payable to you under the terms of this Notice, immediately due and payable in full, if … (a) I fail to pay any schedule payment when due … .

Promissory Note, ¶ 12(a). That acceleration clause was not exercised until Defendant EduCap filed the collection case on October 9, 2015. Because EduCap, acting on behalf of the lender HSBC Bank, chose to exercise the acceleration clause in the Promissory Note, the statute of limitations only began running on the debt collection claim on the date the acceleration option was exercised—October 9, 2015—as explained fully above. *See Bay Area Laundry & Dry Cleaning Pension Trust Fund*, 522 U.S. at 209 n.5 ("[T]he statute of limitations on an accelerated debt runs from the date the creditor exercises its acceleration option, not earlier."). For that reason, the collection case complied with the District of Columbia's three-year statute of limitations in full and was timely filed.

Because the Court concludes that the collection case was timely filed under a three-year statute of limitations, the Court need not consider Defendants' alternative argument that the collection case was timely filed because of Plaintiff's two 2015 partial payments on the debt in question. Because the collection case was timely, all of the claims in the Complaint fail as a matter of law. For that reason, the Court also need not consider Defendants' arguments that each of the four claims in this case fails for reasons specific to those individual claims, reasons that are independent of the statute of limitations issues raised. In short, because the collection case was timely filed, each of the claims in this case necessarily fails as a matter of law. Therefore,

each of those claims is dismissed with prejudice. *See Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (" '[D]ismissal with prejudice is warranted only when ... the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.' ") (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' [16] Motion to Dismiss. The claims in this case are dismissed with prejudice, and this action is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: July 20, 2016

                                                                   /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge