# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUSTIN DOVE,<br>    Plaintiff<br>    v.<br>EDUCAP, INC., *et al.*,<br>    Defendants | Civil Action No. 15-2274 (CKK) |

### MEMORANDUM OPINION
(August 18, 2016)

Having carefully considered Plaintiff's [22] Motion for Reconsideration, Defendant's [23] Opposition to that motion, and Plaintiff's [24] Reply Brief, the Court concludes that Plaintiff has provided no basis for the Court to alter or amend the judgment of dismissal issued in this case on July 20, 2016.[1]

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted).

Plaintiff has not established extraordinary circumstances warranting relief from a final judgment. The only arguments Plaintiff presents in his Motion for Reconsideration—regarding

---

[1] In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

installment contracts—were already before the Court when the Court considered Defendant's motion to dismiss. The Court rejected those arguments at that time. Specifically, the Court concluded that, as a result of the acceleration clause in the underlying loan documents, Defendants' collection action complied with the applicable statute of limitations. *See* Mem. Op. at 12. In Plaintiff's Motion for Reconsideration, Plaintiff does not acknowledge that the Court's decision was based upon the acceleration clause. Nor does Plaintiff acknowledge, much less address, the authority on which the Court relied regarding the impact of acceleration clauses on statutes of limitations. *See id.* (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund*, 522 U.S. 192, 209 n.5 (1992). In other words, Plaintiff simply proffers arguments that the Court already rejected and fails to grapple with the actual basis for the Court's judgment. As such, Plaintiff's Motion for Reconsideration provides no basis for the Court to reconsider its prior judgment.

    For all of these reasons, as well as the reasons stated in the [21] Memorandum Opinion issued in this case on July 20, 2016—which the Court fully incorporates and makes part of this Memorandum Opinion—Court's DENIES Plaintiff's [22] Motion.

    An appropriate Order accompanies this Memorandum Opinion.

                                                                   /s/
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge